**Salvador Rubio ESCOBEDO–
ESPERANZA, Petitioner,**

v.

**John ASHCROFT, U.S. Attorney
General, Respondent.**

Nos. 03–60129, 03–60512, 03–60810.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 3, 2004.

Adan G. Vega, Law Office of Adan G. Vega & Associates, Houston, TX, for Petitioner.

David V. Bernal, U.S. Department of Justice Office of Immigration Litigation, Thomas Ward Hussey, Director, U.S. Department of Justice Civil Division Immi-

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

gration Litigation, John Ashcroft, U.S. Department of Justice, Washington, DC, Hipolito Acosta, U.S. Immigration & Naturalization Service, Houston, TX, Caryl G. Thompson, U.S. Immigration & Naturalization Service, New Orleans, LA, Barry Joseph Pettinato, U.S. Department of Justice Department of Homeland Security, Washington, DC, for Respondent.

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM: *

Salvador Rubio Escobedo–Esperanza, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) summarily affirming the removal order of the Immigration Judge (IJ). Because the BIA summarily affirmed without opinion, the IJ's decision is the final agency determination for our review. *See Soadjede v. Ashcroft,* 324 F.3d 830, 832 (5th Cir.2003).

Escobedo–Esperanza argues that the IJ violated his rights to due process by not granting him a continuance and by accepting counsel's proffer rather than hearing Escobedo–Esperanza's testimony. Both of these contentions fail because Escobedo–Esperanza has not shown any error, much less any substantial prejudice to his case.

*Anwar v. INS,* 116 F.3d 140, 144 (5th Cir.1997).

Escobedo–Esperanza argues that the BIA erred in affirming the IJ's decision without written opinion. The summary review procedures under 8 C.F.R. § 1003.1(e)(4) are essentially the same as those approved by this court in *Soadjede,* 324 F.3d at 831. In light of this precedent and Escobedo–Esperanza's failure to show that his case did not meet the criteria for affirmance without opinion or that his case was not properly reviewed, his argument is without merit.

Escobedo–Esperanza filed petitions for review with respect to the BIA's denial of his motions to reopen and for reconsideration. As noted by the respondent, Escobedo–Esperanza does not mention these motions in his brief and has abandoned any issues with respect to their denial. *Yohey v. Collins,* 985 F.2d 222, 224–25 (5th Cir. 1993).

Escobedo–Esperanza's three petitions for review of the BIA's final orders of removal are DENIED.

PETITIONS DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.